UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:13-cv-1137 AC P<br><br><br><br>ORDER |

     Plaintiff is committed to Coalinga State Hospital, apparently as a Mentally Disordered Offender ("MDO"), and proceeds without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
2 1915(b)(2).

3     The court is required to screen complaints brought by prisoners seeking relief against a
4 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989); Franklin, 745 F.2d at 1227.

15     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
16 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
17 support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
18 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
19 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
20 this standard, the court must accept as true the allegations of the complaint in question, Hospital
21 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
22 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
23 McKeithen, 395 U.S. 411, 421 (1969).

24     In his complaint, plaintiff alleges that the state has held him in custody since 2005, and
25 that he has been held past his "date" of September 2007, and November 11, 2010, September 22,
26 2012, and June, 2013.  Plaintiff alleges that he has been to court 33 times, and has been made
27 "M.D.O."  He argues that he is entitled to release, or, in the alternative, to one million dollars for
28 each year he has been held past his date.

To the extent plaintiff is challenging his commitment to Coalinga State Hospital ("CSH"), his federal remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he exhausts state judicial remedies.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A civil rights action under Section 1983 is the proper vehicle to challenge conditions of confinement; a habeas corpus petition is the sole federal vehicle for challenging the fact or duration of confinement.  Id. at 498–99.  Civilly committed persons may pursue habeas relief under 28 U.S.C. Section 2254 to challenge their involuntary civil commitment.  Duncan v. Walker, 533 U.S. 167, 176 (2001) (stating that a state court order of civil commitment satisfies Section 2254's "in custody" requirement); Huftile v. Miccio–Fonseca, 410 F.3d 1136, 1139–40 (9th Cir.2005), cert. denied, 547 U.S. 1166 (2006) ("[D]etainees under an involuntary civil commitment scheme ... may use a § 2254 habeas petition to challenge a term of confinement."); see also Hubbart v. Knapp, 379 F.3d 773 (9th Cir.2004), cert. denied, 543 U.S. 1071 (2005) (adjudicating habeas challenge to civil commitment under California's Sexually Violent Predator Act); May v. Hunter, 451 F.Supp.2d 1084 (C.D.Cal.2006) (adjudicating habeas challenge to MDO commitment).  Thus, plaintiff's sole remedy for invalidating his MDO commitment in federal court and obtaining release from CSH is a habeas petition.

To the extent plaintiff seeks damages, however, his action is also barred.  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.  If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  Id. at 487.  The Ninth Circuit has held that the "favorable termination" rule of Heck is not limited to Section 1983 claims that imply the invalidity of a plaintiff's criminal conviction or sentence, but applies equally to Section 1983 claims that imply the invalidity of a plaintiff's civil commitment.  Huftile, 410 F.3d at 1140.  The Ninth Circuit reasoned that "Heck's favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus," and thus applies not only to prisoners, but to other persons who are "in custody" and thus have access to

1    habeas relief.  Huftile, 410 F.3d at 1139.  Because civilly committed persons have access to
2    habeas relief to obtain release from custody, Heck requires a civilly committed person to
3    invalidate his civil commitment before pursuing a Section 1983 damages claim implying that his
4    commitment is invalid.  Huftile, 410 F.3d at 1140; see Hubbs v. County of San Bernardino, 538
5    F.Supp.2d 1254, 1264 (C.D.Cal.2008) (Heck barred plaintiff's Section 1983 claims challenging
6    probable cause determination in connection with his commitment as a sexually violent predator).

7         Plaintiff's allegations demonstrate that he is in custody under an MDO commitment,
8    which, thus far, does not appear to have been invalidated.  In order to obtain damages for
9    unlawfully detaining him in custody, plaintiff must necessarily demonstrate that his civil
10   commitment is invalid.  Until plaintiff succeeds in invalidating his MDO commitment in state
11   proceedings or by federal habeas petition, he may not pursue Section 1983 claims premised on its
12   invalidity.  Heck, 512 U.S. at 487.

13        Accordingly, plaintiff's claims must be dismissed.  Although it appears unlikely that
14   plaintiff can amend his complaint to cure the deficiencies set forth above, because plaintiff is
15   proceeding without counsel, the court will grant plaintiff one opportunity to do so.  **Plaintiff is**
16   **cautioned that an amended complaint is only appropriate if plaintiff wishes to challenge the**
17   **conditions of his confinement.  If he seeks to challenge the fact of his confinement in this**
18   **court, he must do so in a habeas petition filed pursuant to 28 U.S.C. § 2254.**  Plaintiff is
19   advised to review the rules governing the time limits for filing such a petition, as well as the
20   requirement for exhaustion of such claims before such a petition can be filed.

21        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
22   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
23   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how
24   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
25   is some affirmative link or connection between a defendant's actions and the claimed deprivation.
26   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
27   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
28   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

4

1  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2  　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
3  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
4  complaint be complete in itself without reference to any prior pleading.  This is because, as a
5  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
6  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
7  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
8  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

9  　　In accordance with the above, IT IS HEREBY ORDERED that:

10  　　1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11  　　2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
12  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
13  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
14  Director of the California Department of Corrections and Rehabilitation filed concurrently
15  herewith.

16  　　3.  Plaintiff's complaint is dismissed.

17  　　4.  Plaintiff is granted thirty days from the date of service of this order to file an amended
18  complaint challenging the conditions of his confinement (rather than the fact or duration of his
19  confinement).  Any such amended complaint must comply with the requirements of the Civil
20  Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice, must bear the
21  docket number assigned this case, and must be labeled "Amended Complaint."  Plaintiff must file
22  an original and two copies of any amended complaint.  Failure to file an amended complaint in
23  accordance with this order will result in a recommendation that this action be dismissed.

24  DATED: June 11, 2013

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Allison Claire
　　　　　　　　　　　　　　　　　　　　　　　ALLISON CLAIRE
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

28  AC:rb/town1137.14

5