UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:13-cv-1137 AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, a civilly committed person currently incarcerated at Coalinga State Hospital, proceeds pro se and in forma pauperis with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. In his original complaint filed on June 6, 2013, plaintiff alleged that the state has held him in custody since 2005, and years past his "date" of September 2007, November 11, 2010, September 22, 2012, and June 2013. See ECF No. 1. He asserted that he was entitled to release or, in the alternative, for compensatory damages for being held past his release date. Id.

On June 12, 2013, plaintiff's original complaint was dismissed with leave to amend. ECF No. 4. In the court's order of dismissal, plaintiff was advised that his sole remedy for invalidating his civil commitment and obtaining release in federal court would lie in the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, following exhaustion of state judicial remedies. ECF No. 4 at 3. Plaintiff was further advised that his request for monetary damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994), unless and until he can demonstrate that the

1

1  civil commitment has been invalidated. See ECF No. 4 at 3. Although it appeared unlikely that
2  plaintiff could amend his complaint to cure its deficiencies, he was afforded an opportunity to
3  attempt to do so. See Id. Plaintiff has filed a document styled as an amended complaint. ECF
4  No. 6.

5  Plaintiff's amended complaint does not set forth any particular causes of action. Although
6  he complains at length about the quality of food he was served while incarcerated at Atascadero
7  State Prison, his allegations fail to state a claim for a constitutional violation and he has not
8  named any defendant at Atascadero State Prison. In addition, plaintiff still seeks relief in the
9  form of immediate release from custody and monetary damages for the amount of time he alleges
10  he has been held past his discharge date. For the same reasons discussed in the court's previous
11  screening order, the relief sought cannot be granted.

12  The allegations in plaintiff's amended complaint fail to state a cognizable claim for relief.
13  Further, it does not appear that the deficiencies can be cured by amendment.

14  In accordance with the above, IT IS ORDERED THAT the clerk assign this case to a
15  district judge.

16  Further, IT IS RECOMMENDED THAT:

17  1. Plaintiff's amended complaint (ECF No. 6) be dismissed without leave to amend; and
18  2. The clerk be directed to close this case.

19  These findings and recommendations are submitted to the United States District Judge
20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
21  after being served with these findings and recommendations, plaintiff may file written objections
22  with the court and serve a copy on all parties. Such a document should be captioned
23  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
24  objections shall be served and filed within fourteen days after service of the objections. The
25  parties are advised that failure to file objections within the specified time may waive the right to
26  ////
27  ////
28  ////

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//town.1137.14am.dism